UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DANA McCARRICK,

                              Plaintiff,          Case # 18-CV-6435-FPG

v.

                                                       DECISION AND ORDER

CORNING, INC.,

                              Defendant.
_____

## INTRODUCTION

On June 13, 2018, *pro se* Plaintiff Dana McCarrick brought this action against Defendant Corning, Inc. for alleged violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12112 to 12117, and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000-e to 2000e-17. ECF No. 1. Plaintiff also filed an *in forma pauperis* motion that the Court denied. ECF Nos. 2, 3. Thereafter, Plaintiff paid the $400.00 filing fee and Defendant was served. ECF No. 5.

On September 7, 2018, Defendant moved to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. ECF No. 9. For the reasons that follow, Defendant's Motion to Dismiss is GRANTED.

## DISCUSSION

**I.    Plaintiff's Complaint**

The Court interprets Plaintiff's Complaint to raise various claims related to his employment with Defendant. Specifically, Plaintiff states that he brings this case under Title VII, the ADA, and "Article 15 Section 7 Medical,"[1] and that Defendant subjected him to discrimination, retaliation, and constructive termination. ECF No. 1 at 4-5. Plaintiff also wrote a letter to the

---
[1] It is entirely unclear to the Court, even upon a liberal reading of the Complaint, what "Article 15 Section 7 Medical" refers to.

1

Court on July 9, 2018, that stated he "would like to add the charge of Article 15, Section 296" to his case (ECF No. 4), which the Court construes as an attempt to sue Defendant under the New York State Human Rights Law ("NYSHRL"). *See* N.Y. Exec. L. § 296.

A liberal reading of Plaintiff's Complaint indicates that Defendant hired him in August 2012, discriminated against him in March 2015, and fired him on July 5, 2017. ECF No. 1 at 2-3. In a section that asks Plaintiff to elaborate as to how Defendant discriminated against him, *e.g.*, based on race, color, sex, etc., Plaintiff merely wrote "background." *Id.* at 4. Plaintiff states that he first disclosed his disability—a disability that is not described in the Complaint—to Defendant on his employment application. *Id.* at 5. When asked to describe the facts of his case, Plaintiff wrote:

> Monica Rodrigues Brown[2] stated: "We don't want your kind around here." [Plaintiff] was the victim of discrimination, retaliation, and constructive termination. [He] was terminated upon returning from medical leave.

*Id.*

Finally, Plaintiff indicates that he filed a complaint with the New York State Division of Humans Rights ("NYSDHR") in August 2017, but he does not indicate whether the NYSDHR issued a decision or attach any relevant documents to his Complaint. ECF No. 1 at 3. Plaintiff also indicates that he filed charges with the Equal Employment Opportunity Commission ("EEOC"), and his Complaint includes an EEOC Dismissal and Notice of Rights letter dated May 21, 2018. *Id.* at 3, 5, 7.

## II. Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In

---

[2] Plaintiff did not sue Monica Rodrigues Brown, explain who she is, or otherwise identify her role in this case.

reviewing a Rule 12(b)(6) motion, a court "must accept as true all of the factual allegations contained in the complaint," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 572 (2007), and "draw all reasonable inferences in Plaintiff's favor." *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The application of this standard is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

A court must liberally construe *pro se* pleadings, but such pleadings must still meet the notice requirements of Federal Rule of Civil Procedure 8. *Wynder v. McMahon*, 360 F.3d 73, 79 (2d Cir. 2004). "Specific facts are not necessary," and the plaintiff "need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citation and quotation marks omitted).

Generally, a court will give a *pro se* plaintiff a chance to amend or be heard before dismissal "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." *Abbas*, 480 F.3d at 639 (internal quotation marks omitted). However, a court may properly deny leave to amend pleadings where amendment would be futile. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

## III. Analysis

As an initial matter, Plaintiff's response in opposition to Defendant's Motion to Dismiss contains a slew of allegations not contained in his original Complaint. ECF No. 12. "In deciding a Rule 12(b)(6) motion, the Court is generally limited to reviewing 'the allegations contained

within the four corners of [the plaintiff's] complaint.'" *MacIntyre v. Moore*, 267 F. Supp. 3d 480, 485 (W.D.N.Y. 2017) (quoting *Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 71 (2d Cir. 1998)); *see also, e.g.*, *Friedl v. City of N.Y.*, 210 F.3d 79, 83-84 (2d Cir. 2000) (finding that a district court errs if it "relies on factual allegations contained in legal briefs or memoranda" when it decides a Rule 12(b)(6) motion). Accordingly, the Court confines its analysis to the allegations in Plaintiff's Complaint and will not consider the additional allegations in his opposition papers.

### A. ADA Claim

Plaintiff alleges that Defendant first discriminated against him in March 2015, that he disclosed his disability to Defendant on his employment application, and that Defendant terminated him on July 5, 2017, when he returned from "medical leave." ECF No. 1 at 5. These allegations are insufficient to state a claim upon which relief may be granted.

To state an ADA claim, "a plaintiff must show by a preponderance of the evidence that: (1) his employer is subject to the ADA; (2) he was disabled within the meaning of the ADA;[3] (3) he was otherwise qualified to perform the essential functions of his job, with or without reasonable accommodation; and (4) he suffered adverse employment action because of his disability." *Sista v. CDC Ixis N. Am., Inc.*, 445 F.3d 161, 169 (2d Cir. 2006) (internal quotation marks and citation omitted).

Plaintiff has not alleged any of the requisite elements. Although he asserts that he has a disability, Plaintiff has not identified or described that disability whatsoever. *See Griffin v. Brighton Dental Grp.*, No. 09-CV-6616P, 2013 WL 1221915, at *4 (W.D.N.Y. Mar. 25, 2013)

---

[3] An individual is disabled within the meaning of the ADA if he: (1) has "a physical or mental impairment that substantially limits one or more major life activities"; (2) has "a record of such impairment"; or (3) is "regarded as having such an impairment." 42 U.S.C. § 12102(1). "Major life activities include functions such as caring for oneself, performing manual tasks, walking, seeing, hearing and working, and must be of central importance to daily life." *Griffin v. Brighton Dental Grp.*, No. 09-CV-6616P, 2013 WL 1221915, at *3 (W.D.N.Y. Mar. 25, 2013) (citations omitted).

(dismissing the *pro se* plaintiff's ADA claim where she "failed to identify or describe her alleged disability and has not alleged any facts to suggest that she suffers from any impairment that substantially limits one or more of her major life activities").

Plaintiff also does not allege that he suffered an adverse employment action because of his disability. Although he asserts that Defendant fired him after he returned from an unspecified "medical leave," Plaintiff has not pled any facts to tie his alleged disability to his termination or to allow the Court to infer that there was a causal connection between the two. *See Thomson v. Odyssey House*, 652 F. App'x 44, 46 (2d Cir. 2016) (finding that the plaintiff's ADA claim failed "because no facts are pled to support an inference that any alleged disability was causally linked to her termination") (summary order).

Accordingly, the Court dismisses Plaintiff's ADA claim. As described below, Plaintiff may file an amended complaint that alleges facts, if they exist, to state a proper claim.

### B. Title VII Claim

Plaintiff alleges that Defendant fired him, that he "was the victim of discrimination" based on his "background," and that Ms. Brown said: "We don't want your kind around here." ECF No. 1 at 3-5. These allegations are insufficient to state a claim upon which relief may be granted.

To state a Title VII discrimination claim, a plaintiff must demonstrate that: (1) he is a member of a protected class; (2) he was qualified for the position; (3) he suffered an adverse employment action; and (4) the adverse employment action occurred under circumstances giving rise to an inference of discrimination. *See Terry v. Ashcroft*, 336 F.3d 128, 137-38 (2d Cir. 2003).

Although Plaintiff alleges that Defendant fired him, which is clearly an adverse employment action, Plaintiff has not alleged membership in a protected class, that he was qualified

for his position, or that he was fired under circumstances giving rise to an inference of discrimination.

Accordingly, the Court dismisses Plaintiff's Title VII discrimination claim. As described below, Plaintiff may file an amended complaint that alleges facts, if they exist, to state a proper claim.

### C. Retaliation Claim

Plaintiff alleges that he "was the victim of . . . retaliation" and that Defendant fired him after he returned from medical leave. ECF No. 1 at 5. These allegations are insufficient to state a claim upon which relief may be granted.

To state a retaliation claim under the ADA or Title VII, a plaintiff must allege "(1) participation in a protected activity; (2) that the defendant knew of the protected activity; (3) an adverse employment action; and (4) a causal connection between the protected activity and the adverse employment action." *Littlejohn v. City of New York*, 795 F.3d 297, 315-16 (2d Cir. 2015) (citation omitted) (setting forth elements of a Title VII retaliation claim); *see also Smith v. New York City Dep't of Educ.*, 808 F. Supp. 2d 569, 581 (S.D.N.Y. 2011) (setting forth elements of an ADA retaliation claim and noting that "[r]etaliation claims under the ADA . . . subject to the same burden-shifting analysis as claims arising under Title VII").

Although Plaintiff alleges an adverse employment action—that Defendant fired him—he has not alleged participation in a protected activity, that Defendant knew of the protected activity, or a causal connection between the protected activity and his termination.

Accordingly, the Court dismisses Plaintiff's retaliation claims. As described below, Plaintiff may file an amended complaint that alleges facts, if they exist, to state a proper claim.

### D. Constructive Discharge Claim

Plaintiff alleges that he "was the victim of . . . constructive termination." ECF No. 1 at 5. To the extent that Plaintiff intends to state a constructive discharge claim, it fails as a matter of law. "Constructive discharge of an employee will occur only when an employer, rather than directly discharging an individual, intentionally creates an intolerable work atmosphere that forces an employee to quit involuntarily." *Trinidad v. New York City Dep't of Corr.*, 423 F. Supp. 2d 151, 168 (S.D.N.Y. 2006) (quotation mark and citation omitted). Plaintiff specifically alleges that Defendant fired him, and therefore he cannot state a constructive termination claim and any such claim is dismissed. The Court will not permit Plaintiff to amend this claim because amendment would be futile for the reasons stated.

### E. NYSHRL Claim

Plaintiff wrote a letter to the Court on July 9, 2018, stating that he "would like to add the charge of Article 15, Section 296" to his case. ECF No. 4. The Court construes this as an attempt to sue Defendant under the NYSHRL. *See* N.Y. Exec. L. § 296.

As an initial matter, Plaintiff's request to add this claim does not comport with the Local Rules of Civil Procedure for amending pleadings. *See* Loc. R. Civ. P. 15(a). Local Rule 15(a) requires Plaintiff to attach an unsigned copy of his proposed amended pleading, which must be a complete pleading that supersedes the original, as an exhibit to a motion to amend. *Id.* The Court reminds Plaintiff that he must "become familiar with, follow, and comply with" the Federal and Local Rules of Civil Procedure and that failure to do so could result in the dismissal of his case with prejudice. *See* Loc. R. Civ. P. 5.2(i).

Nonetheless, the Court considers Plaintiff's NYSHRL claim. Defendant argues that the Court lacks subject matter jurisdiction over this claim because it was already adjudicated by the

NYSDHR. New York Executive Law § 297(9) states that a plaintiff "shall have a cause of action in any court of appropriate jurisdiction for damages . . . unless such person had filed a complaint hereunder or with any local commission on human rights." Courts in this Circuit have held that § 297(9) "generally provides a jurisdictional bar to judicial resolution once a plaintiff has brought his state-law discrimination claim before the [NYSDHR]." *Haygood v. Unity Health Sys.*, No. 6:14-CV-6474 MAT, 2015 WL 3484943, at *5 (W.D.N.Y. June 2, 2015), *aff'd sub nom. Haygood v. ACM Med. Lab., Inc.*, 642 F. App'x 27 (2d Cir. 2016) (summary order).

Here, it appears that Plaintiff's NYSHRL is barred because he allegedly filed a complaint with the NYSDHR in August 2017. ECF No. 1 at 3. Plaintiff does not, however, indicate whether the NYSDHR issued a decision or attach any relevant documents. *Id.* If Plaintiff files an amended complaint, he must submit the requisite documents so the Court can evaluate whether it has subject matter jurisdiction over his claim.

As to the merits of Plaintiff's potential NYSHRL discrimination or retaliation claims, such claims are "analytically identical" to Plaintiff's Title VII claims, *see Rojas v. Roman Catholic Diocese of Rochester*, 660 F.3d 98, 107 n.10 (2d Cir. 2011), and therefore they fail for the reasons stated above.

Accordingly, the Court dismisses Plaintiff's NYSHRL claims. As described below, Plaintiff may file an amended complaint that alleges facts, if they exist, to state a proper claim.

## IV. Leave to Amend

In light of Plaintiff's *pro se* status, Plaintiff may file an amended complaint by June 14, 2019, that sets forth the necessary facts, if they exist, in accordance with the legal standards stated above and Federal Rules of Civil Procedure 8 and 10.

The Court advises Plaintiff that if he files an amended complaint it will completely replace his original Complaint because it "supersedes the original and renders it of no legal effect." *Arce v. Walker*, 139 F.3d 329, 332 n.4 (2d Cir. 1998). Thus, Plaintiff's amended complaint must include all of the allegations against Defendant, so that it may stand alone as the sole complaint that Defendant must answer.

If Plaintiff does not timely file an amended complaint by June 14, 2019, the Clerk of Court will dismiss this case with prejudice without further order.

## CONCLUSION

Defendant's Motion to Dismiss (ECF No. 9) is GRANTED and Plaintiff's Complaint (ECF No. 1) is DISMISSED. Plaintiff has until June 14, 2019 to file an amended complaint as set forth above. If Plaintiff does not timely file an amended complaint, the Clerk of Court will dismiss this case with prejudice without further order.

IT IS SO ORDERED.

Dated: May 14, 2019
       Rochester, New York

                                              HON. FRANK P. GERACI, JR.
                                              Chief Judge
                                              United States District Court