UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DANA McCARRICK,

                             Plaintiff,       Case # 18-CV-6435-FPG

v.

                                                   DECISION AND ORDER

CORNING, INC.,

                             Defendant.

## INTRODUCTION

Plaintiff brings this action for discrimination and retaliation under the Americans with Disabilities Act ("the ADA"), the Family Medical Leave Act ("FMLA"), and the New York State Human Rights Law ("NYSHRL"). The Court previously granted Defendant's motion to dismiss Plaintiff's *pro se* complaint but gave Plaintiff an opportunity to file an amended complaint. ECF No. 18. Thereafter, Plaintiff retained an attorney who filed an Amended Complaint that Defendant now moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. ECF Nos. 20, 23. For the reasons that follow, Defendant's motion to dismiss is GRANTED IN PART and DENIED IN PART.

## DISCUSSION

### I. Plaintiff's Amended Complaint

Plaintiff alleges that Defendant unlawfully terminated his employment for taking medical leave when he dislocated his elbow. ECF No. 22 ¶¶ 1, 3, 25, 26, 38. Defendant employed Plaintiff as a process technician from August 2012 until July 5, 2017. *Id*. ¶¶ 23, 35. On June 23, 2017, Plaintiff fell outside of his workplace and dislocated his elbow. *Id*. ¶ 25. Plaintiff told his supervisor that he needed to take leave due to his injury and sent his supervisor pictures of his elbow and a note from his doctor regarding his diagnosis. *Id*. ¶¶ 27, 28, 31. According to Plaintiff,

1

a provider who treated his elbow in the emergency room said Plaintiff "may not return to work until seen and cleared by [a] physician." *Id*. ¶ 29. Plaintiff claims that he was "disabled at that time" because he could not use his arm normally, but that his injury was temporary and after his short recovery time, he would have been able to perform the essential functions of his job. ECF No. 22 ¶¶ 26, 34.

Plaintiff alleges he was not informed of Defendant's leave policies and was told to use paid time off before using leave under the FMLA. *Id*. ¶¶ 32, 33. Plaintiff's supervisor also "assured" him that "his job was safe despite his injury and FMLA leave." *Id*. ¶ 36. When he returned to work on July 5, 2017, he was fired. *Id*. ¶¶ 37, 38. Plaintiff was told that he was being fired for making a "'derogatory' comment about a female" and was later told he was not "fit for [the] role." *Id*. ¶¶ 39, 40.

## II. Legal Standard

A party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In reviewing such a motion, a court "must accept as true all of the factual allegations contained in the complaint," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 572 (2007), and "draw all reasonable inferences in Plaintiff's favor." *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The application of this standard is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

**III. Analysis**

**A. ADA Claims**

**1. Discrimination under the ADA**

Defendant argues that Plaintiff was not disabled within the meaning of the ADA. The Court agrees.

To state an ADA claim for discrimination, "a plaintiff must show by a preponderance of the evidence that: (1) his employer is subject to the ADA; (2) he was disabled within the meaning of the ADA; (3) he was otherwise qualified to perform the essential functions of his job, with or without reasonable accommodation; and (4) he suffered adverse employment action because of his disability." *Sista v. CDC Ixis N. Am., Inc.*, 445 F.3d 161, 169 (2d Cir. 2006) (internal quotation marks and citation omitted).

Plaintiff's Amended Complaint fails on the second element. An individual is disabled within the meaning of the ADA if he: (1) has "a physical or mental impairment that substantially limits one or more major life activities"; (2) has "a record of such an impairment"; or (3) is "regarded as having such an impairment." 42 U.S.C. § 12102(1)(A)-(C). "Major life activities include functions such as caring for oneself, performing manual tasks, walking, seeing, hearing and working, and must be of central importance to daily life." *Griffin v. Brighton Dental Grp.*, No. 09-CV-6616P, 2013 WL 1221915, at *3 (W.D.N.Y. Mar. 25, 2013) (internal quotation marks and citations omitted).

A dislocated elbow is not a disability under the ADA because "temporary conditions do not constitute an actionable disability." *Guary v. Upstate Nat'l Bank*, 618 F. Supp. 2d 272, 275 (W.D.N.Y. 2009) (citing *Jackson v. Nor Loch Manor HCF*, 134 F. App'x 477, 477 (2d Cir. 2005)); *see also Shaughnessy v. Xerox Corp.*, No. 12-CV-6158T, 2015 WL 1431687, at *3 (W.D.N.Y.

Mar. 27, 2015) ("The Second Circuit Court of Appeals has held that non-severe impairments that are expected to last no more than seven months are not disabilities under the ADA." (internal quotations and citations omitted)). By Plaintiff's own admission, his injury was "temporary in nature"—he was able to return to work within two weeks and would have been able to perform all essential functions of his job. ECF No. 22 ¶ 34.

Moreover, Plaintiff fails to allege any facts indicating how his major life activities were substantially limited by his injury. Plaintiff alleges he could not use his arm normally or work for two weeks, which is insufficient to assert a claim under the ADA. *See Adams v. Citizens Advice Bureau*, 187 F.3d 315, 316-17 (2d Cir. 1999) (per curiam) (plaintiff did not suffer from a disability under the ADA where his back, neck, and knee injuries rendered him unable to work for three-and-a-half months); *Kruger v. Hamilton Manor Nursing Home*, 10 F. Supp. 3d 385, 389 (W.D.N.Y. 2014) ("Plaintiff admits that the physical limitation she sustained from breaking her arm only 'temporarily affected' her daily activities. Although Plaintiff alleges that her broken arm limited the major life activities of 'caring for oneself ... and working', she fails to allege any facts supporting or further describing how her broken arm limited these activities. Plaintiff's failure to provide support for her assertions regarding major life activities renders them inadequate." (internal citations to the record omitted)); *Hamilton v. Niagara Frontier Transp. Auth.*, Nos. 00-CV-300SR, 00-CV-863SR, 2007 WL 2241794, at *12 (W.D.N.Y. July 31, 2007) (plaintiff did not suffer from a disability under the ADA where his sprained ankle injury was resolved within ten weeks).

Accordingly, Defendant's motion to dismiss Plaintiff's discrimination claim under the ADA is GRANTED.

### 2. Retaliation under the ADA

To state a retaliation claim under the ADA, a plaintiff must allege "(1) participation in a protected activity; (2) that the defendant knew of the protected activity; (3) an adverse employment action; and (4) a causal connection between the protected activity and the adverse employment action." *Littlejohn v. City of New York*, 795 F.3d 297, 315-16 (2d Cir. 2015) (internal quotation marks and citation omitted). Defendant argues that Plaintiff failed to plausibly allege a causal connection between his termination and taking leave. ECF No. 23, at 10. In opposition, Plaintiff asserts that the temporal proximity between his leave and termination sufficiently demonstrates retaliation to defeat Defendant's motion to dismiss.

The Court agrees with Plaintiff. *See Ragusa v. Malverne Union Free Sch. Dist.*, 381 F. App'x 85, 89 (2d Cir. 2010) (finding that temporal proximity between the protected activity and adverse employment action "satisfies the causation element of [plaintiff's] *prima facie* case") (summary order); *Rodriguez v. Atria Senior Living Grp., Inc.*, 887 F. Supp. 2d 503, 512-13 (S.D.N.Y. 2012) (request for extension of FMLA leave deemed a protected activity and termination deemed an adverse employment action). Plaintiff has sufficiently alleged that he took leave, his employer had notice of his leave, and Defendant terminated his employment the day he returned. Accordingly, Defendant's motion to dismiss Plaintiff's retaliation claim under the ADA is DENIED.

### B. FMLA Retaliation Claim

To state a retaliation claim under the FMLA, a plaintiff must have been eligible to take FMLA leave.

Plaintiff has not pled facts sufficient to support the inference that he was eligible for FMLA leave. Eligibility under the FMLA "is a threshold issue, and it is insufficient for Plaintiff to merely

assert in a conclusory manner that he is eligible without stating any facts that relate to the definition of an eligible employee." *Smith v. Westchester Cty.*, 769 F. Supp. 2d 448, 465 (S.D.N.Y. 2011). (quotation marks and brackets omitted). "[T]o be an eligible employee [under the FMLA], a person must have been employed by his employer for at least twelve months and must have worked at least 1,250 hours in the twelve months preceding the leave." *Spurlock v. NYNEX*, 949 F. Supp. 1022, 1033 (W.D.N.Y. 1996). Plaintiff stated only that Defendant employed him from August 2012 to July 5, 2017. ECF No. 22 ¶ 19. Plaintiff alleges no other facts sufficient for the Court to determine whether Plaintiff worked the requisite hours in the relevant time period. Accordingly, Defendant's motion to dismiss Plaintiff's retaliation claim under the FMLA is GRANTED.

### C. NYSHRL Claims

#### 1. NYSHRL Discrimination Claim

Defendant argues that the Court lacks subject matter jurisdiction over Plaintiff's NYSHRL discrimination claim because it was already adjudicated by the New York State Division of Human Rights ("NYSDHR"). New York Executive Law § 297(9) states that a plaintiff "shall have a cause of action in any court of appropriate jurisdiction for damages . . . unless such person had filed a complaint hereunder or with any local commission on human rights." Courts in this Circuit have held that § 297(9) "generally provides a jurisdictional bar to judicial resolution once a plaintiff has brought his state-law discrimination claim before the [NYSDHR]." *Haygood v. Unity Health Sys.*, No. 6:14-CV-6474 MAT, 2015 WL 3484943, at *5 (W.D.N.Y. June 2, 2015), *aff'd sub nom. Haygood v. ACM Med. Lab., Inc.*, 642 F. App'x 27 (2d Cir. 2016) (summary order).

Here, it appears that Plaintiff's NYSHRL discrimination claim is barred because the NYSDHR found that there was no probable cause to believe that Defendant discriminated against Plaintiff. ECF No. 23-2 at 2-3. Moreover, the Court previously ordered Plaintiff to submit the

requisite documents so it could evaluate whether it has subject matter jurisdiction over his NYSHRL claims, ECF No. 18 at 8, but Plaintiff did not do so.[1]

Accordingly, Defendant's motion to dismiss Plaintiff's NYSHRL discrimination claim is GRANTED.

### 2. NYSHRL Retaliation Claim

To state a retaliation claim under the NYSHRL, a plaintiff must show "(1) participation in a protected activity known to the defendant; (2) an adverse employment action; and (3) a causal connection between the protected activity and the adverse action." *Housel v. Rochester Inst. of Tech.*, 6 F. Supp. 3d 294, 303 (W.D.N.Y. 2014).

Taking FMLA leave is not a protected activity under the NYSHRL. *Sotomayor v. City of New York*, 862 F. Supp. 2d 226, 262 (S.D.N.Y. 2012) ("While [plaintiff] alleges that she was retaliated against for taking FMLA leave, this is not a 'protected activity' under . . . the NYSHRL."). Accordingly, Defendant's motion to dismiss Plaintiff's NYSHRL retaliation claim is GRANTED.

---

[1] With its motion to dismiss, Defendant submitted the Determination and Order after Investigation that the NYSDHR issued finding no probable cause to believe Defendant discriminated against Plaintiff. ECF No. 23-2 at 1-3. The Court is entitled to take judicial notice of the records of state administrative procedures and does so here. *Evans v. New York Botanical Garden*, No. 02 Civ.3591 RWS, 2002 WL 31002814, at *4 (S.D.N.Y. Sept. 4, 2002).

## CONCLUSION

Defendant's motion to dismiss (ECF No. 23) is GRANTED IN PART and DENIED IN PART. This case will proceed to discovery on Plaintiff's ADA retaliation claim only. By separate order, the Court will refer this case to a magistrate judge for pretrial proceedings.

IT IS SO ORDERED.

Dated: October 30, 2019
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court